GERTRUDE GEORGE, PROSECUTRIX, v. GEORGE SEDORE, FRANCIS E. MUNLEY AND FRANK J. RAIA, CONSTITUTING THE FAIRVIEW PENSION COMMISSION, AND THE BOROUGH OF FAIRVIEW, A NEW JERSEY MUNICIPALITY, DEFENDANTS.

Argued May 4, 1943—Decided June 23, 1943.

Before BROGAN, CHIEF JUSTICE, and Justice BODINE.

For the prosecutrix, *Kanter & Kanter* (*Elias A. Kanter*).

For Fairview Pension Commission, *Abram A. Lebson*.

For the Borough of Fairview, *Harry Accomando* and *Seymour A. Smith*.

The opinion of the court was delivered by

BODINE, J.   Prosecutrix is entitled to a pension if she be the widow of Herbert E. George, who became a member of the Fairview police department August 16th, 1918, and continued to be such member until his death September 30th, 1941, having been prior thereto advanced to the rank of lieutenant.

Prosecutrix was married to George in New York City on November 15th, 1927.   Thereafter they lived together in Fairview until his death.   She was introduced as Mrs. George to his friends, associates and members of their families.

George was divorced from a previous wife April 30th, 1926, for the cause of adultery.

The contention was made that under section 8 of the Domestic Relations Law of the State of New York the ceremonial marriage was invalid under the laws of that state. We think, however, that it is unnecessary to determine that question. It is uncontradicted that for nearly fourteen years the prosecutrix and the deceased lived as married people do and that she was held out during that time to all and sundry as the deceased's wife. Certainly, there was a common law marriage in this state. *Conkling* v. *Conkling*, 117 *N. J. Eq.* 218.

It is argued, however, that the action of the Fairview Pension Commission finds justification in the fact that the prosecutrix had not demonstrated that she was a widow at the time she entered into the marriage with the deceased. The presumption of validity of the common law marriage was not overcome by any proofs that Mrs. George's former husband was living at the time the second marriage was contracted. This is necessary. *Vreeland* v. *Vreeland*, 78 *N. J. Eq.* 256; *Sillart* v. *Standard Screen Co.*, 119 *N. J. L.* 143. The law presumes against the commission of a crime until the contrary is proved. The record in this case is barren of any proof that Mrs. George and her deceased husband were guilty of crime.

She should have been awarded a pension in accordance with the law.